IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

PLUMBERS & PIPEFITTERS
LOCAL UNION #625, et al.,

                Plaintiffs,

v.                                   CIVIL ACTION NO.  2:12-cv-04129

BELL PLUMBING & HEATING
SERVICE, INC., et al.

                Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending is Plaintiffs' motion for entry of default judgment against Defendant Bell Plumbing & Heating Service, Inc. [ECF 12]. For the reasons that follow, the Court **GRANTS** the motion.

*I.    BACKGROUND*

Plaintiff Plumbers & Pipefitters Local Union #625 ("Local Union #625") is a labor organization based in Charleston, West Virginia that represents workers in the plumbing trade. Plaintiff West Virginia Pipe Trades Health and Welfare Fund ("Health and Welfare Fund") is an employee welfare benefit fund based in Wellsburg, West Virginia and is administered by its plan trustees. Defendant Bell Plumbing & Heating Service, Inc. ("Bell Plumbing") is a business based in Dunbar, West Virginia and a party to a collective bargaining agreement with Plaintiff Local Union #625. Defendant Timothy A. Bell is the president and agent of Defendant Bell Plumbing.

Pursuant to a collective bargaining agreement, Bell Plumbing was required to make monthly contributions to Plaintiff Health and Welfare Fund and pay all fringe benefits for all employees, including members of Local Union #625, covered by the collective bargaining agreement. Plaintiffs allege that Defendants made late contributions and also failed to make contributions during certain months in the February 2011–February 2012 timeframe. The amount of fringe benefits alleged to be owed by Defendants is $2,988.48. Plaintiffs further claim $4,438.26 in interest and damages, $1,273.95 in attorneys' fees and costs, and $680.78 in prejudgment interest.

On August 7, 2012, Plaintiffs filed their Complaint for Monies Due (ECF 1) pursuant to provisions of the Labor Management Relations Act [29 U.S.C. § 185] and Employee Retirement Income Security Act ("ERISA") [29 U.S.C. §§ 1132 and 1145]. Summonses for Defendant Bell Plumbing and Defendant Timothy Bell were issued by the Court's Clerk on August 7, 2012. On August 10, 2012, the West Virginia Secretary of State's Office mailed the summons to "Bell Plumbing & Heating Service, c/o Timothy A. Bell, Agent, 103 McKinney Avenue, Dunbar, WV 25064". (ECF 6.) The summons was later returned as "unclaimed" to the Secretary of State's Office by the United States Postal Service. (ECF 6.)

On November 14, 2012, the Court entered an Order directing the Clerk to enter a default against Defendant Bell Plumbing (ECF 7) and, on November 15, 2012, the Clerk entered default against this Defendant (ECF 8). On November 19, 2012, Plaintiffs filed two affidavits of service indicating that both Defendants had been served on October 29, 2012 (ECF 9 & 10). On November 23, 2012, the Clerk filed a return receipt card on the Docket indicating that Defendant Bell had received the Clerk's Entry of Default. The return receipt card bears the same address used by the West Virginia Secretary of State's Office to mail the summons to Defendant Bell

2

Plumbing and appears to have been signed by Defendant Timothy Bell.  (ECF 11.)  On December 4, 2012, Plaintiffs moved for entry of default judgment against Defendant Bell Plumbing (but not Defendant Timothy Bell).   Neither Defendant has filed an answer to Plaintiffs' Complaint or otherwise defended this action.

## II. DISCUSSION

### A. *Legal Standards*

Federal Rule of Civil Procedure 55 governs default judgments.  Rule 55 provides in pertinent part:

> (a) **Entering a Default.**  When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.
>
> (b) **Entering a Default Judgment.**
>
> (1) *By the Clerk.*  If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.
>
> (2) *By the Court.*  In all other cases, the party must apply to the court for a default judgment . . . The court may conduct hearings or make referrals—preserving any federal statutory right to a jury trial—when, to enter or effectuate judgment, it needs to:
>
> > (A) conduct an accounting;
> > (B) determine the amount of damages;
> > (C) establish the truth of any allegation by evidence; or
> > (D) investigate any other matter.

"[T]rial judges are vested with discretion, which must be liberally exercised, in entering . . . [default] judgments and in providing relief therefrom." *United States v. Moradi,* 673 F.2d 725, 727 (4th Cir. 1982).  However, default judgment is available "when the adversary process has

been halted because of an essentially unresponsive party." *S.E.C. v. Lawbaugh,* 359 F.Supp.2d 418, 421 (D. Md. 2005) (citing *Jackson v. Beech,* 636 F.2d 831, 836 (D.C. Cir. 1980)). A defaulting party admits the plaintiff's well-pleaded factual allegations in the complaint, in contrast to the allegations regarding damages. *Ryan v. Homecomings Fin. Network,* 253 F.3d 778, 780 (4th Cir. 2001). Also, the party in default is not held to admit conclusions of law. *Id.* The Court may conduct a hearing to determine the amount of damages pursuant to Rule 55(b)(2), however, it may award damages without a hearing where the amount claimed is "capable of mathematical calculation." *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993). Courts are afforded much discretion when determining the need for such a hearing. *Pope v. United States*, 323 U.S. 1, 12 (1944) ("It is a familiar practice and an exercise of judicial power for a court upon default, by taking evidence when necessary or computation from facts of record, to fix the amount which the plaintiff is lawfully entitled to recover and give judgment accordingly.").

    *B.     Analysis*

    *1.     Defendant Timothy Bell*

At the outset, the Court will address the status of Defendant Timothy Bell. The Court's November 14, 2012 Order did not order entry of default against Defendant Bell. It is plain from the record that Defendant Timothy Bell has been served and has not filed a responsive pleading or otherwise defended this case. Accordingly, the Court **DIRECTS** the Clerk to enter a default against Defendant Timothy Bell pursuant to Federal Rule of Civil Procedure 55(a).

Plaintiffs' motion for entry of default judgment seeks judgment against Defendant Bell Plumbing and not Defendant Timothy Bell. Thus, the Court further **ORDERS** counsel for Plaintiffs to file an appropriate motion and affidavits, or arrange for the necessary evidentiary

4

hearing, to facilitate the entry of default judgment against Defendant Timothy Bell, pursuant to Federal Rule of Civil Procedure 55(b), within twenty days of the entry of this Memorandum Opinion and Order if Plaintiffs desire entry of default judgment against Defendant Timothy Bell.

### 2. *Defendant Bell Plumbing*

The issue of proper service on Defendant Bell Plumbing also merits a brief word. At the time the Court entered its November 14, 2012 Order, the Court mistakenly understood that service on Defendant Bell Plumbing by the West Virginia Secretary of State's Office was effective. It is now clear that it was not. The summons for Defendant Bell Plumbing that was mailed by the Secretary of State's Office was later returned as "unclaimed". This attempted service was ineffective. See W. Va. Code § 31D-5-504(c); see also Syl. Pt. 2, *Burkes v. Fas-Chek Food Mart, Inc*., 617 S.E.2d 838, 840 (W. Va. 2005) ("Under W. Va. Code, 31D–5–504(c) [2002], service of process or notice upon a domestic corporation through the Secretary of State is insufficient when a registered or certified mailing of the process or notice is neither accepted nor refused by an agent or employee of the corporation.") However, § 31D-5-504 "does not prescribe the only means, or necessarily the required means, of serving a corporation." W. Va. Code § 31D-5-504(d). Thus, Plaintiffs' October 29, 2012, personal service of the summons for Defendant Bell Plumbing was effective service under Federal Rule of Civil Procedure 4(h).[1]

---

1    Rule 4(h) provides in pertinent part:

**(h) Serving a Corporation, Partnership, or Association.** Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:

**(1)** in a judicial district of the United States:

    **(A)**    in the manner prescribed by Rule 4(e)(1) for serving an individual; or
    **(B)**    by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by

Thus, the Court's November 14, 2012 Order directing entry of default against Defendant Bell Plumbing was not actually in error.

Turning to the merits of Plaintiffs' motion for entry of default judgment against Bell Plumbing, it is apparent that Plaintiffs are entitled to entry of default judgment against this defendant. As noted, Defendant Bell Plumbing was personally served with a summons on October 29, 2012, and it has failed to file an answer or otherwise defend itself in this case. Based on the factual allegations set forth in Plaintiffs' Complaint, which are taken as true in light of Defendant Bell Plumbing's failure to defend itself, the Court **FINDS** that Plaintiff's Complaint sufficiently states a claim entitling Plaintiffs to relief under 29 U.S.C. §§ 1145 and 1132.[2]

---

law to receive service of process and--if the agent is one authorized by statute and the statute so requires--by also mailing a copy of each to the defendant

2  Section 1145 provides:

Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

Section 1132(g) provides:

In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan--

    (A) the unpaid contributions,
    (B) interest on the unpaid contributions,
    (C) an amount equal to the greater of--
        (i)   interest on the unpaid contributions, or
        (ii)  liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
    (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and
    (E) such other legal or equitable relief as the court deems appropriate.

For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of Title 26.

With respect to its requested relief, Plaintiffs ask that the Court order Defendant Bell Plumbing to pay: (1) its unpaid contributions; (2) interest on late contributions; (3) interest on unpaid contributions or liquidated damages, whichever is greater; (4) reasonable attorneys' fees and costs; and (5) such other legal and equitable relief the Court deems appropriate.  Plaintiffs have tendered an affidavit by counsel averring that Defendant Bell Plumbing owes the Health and Welfare Fund $2,988.48 in fringe benefits arrearages, $4,438.26 in interest and damages, and $1,273.95 in attorneys' fees and costs. (ECF 12-1.)   These sums are specifically authorized under § 1132(g) and do not differ in kind from or exceed the amount requested in the Complaint.  *See* Fed. R. Civ. P. 54(c) ("A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings.")   Plaintiffs also request prejudgment interest of $680.78.

Based on the allegations set forth in Plaintiffs' Complaint and the supporting materials Plaintiffs have submitted with their motion, the requested $1,273.96 in attorneys' fees and costs are reasonable in light of the hourly rate charged ($150), and the number of hours billed (4.20 hours), and expenses charged ($373.95).  *See Koontz v. Wells Fargo*, No. 2:10–cv–008642013 WL 1337260 at *9 (S.D. W. Va. March 29, 2013) ("In calculating an award of attorneys' fees in fee-shifting cases, courts must first determine a "lodestar figure" by multiplying the number of reasonable hours expended times a reasonable rate").   Similarly, the amount of prejudgment interest appears fair, reasonable, and necessary to fully compensate Plaintiffs for the time-value of the money they are owed.  *See Webb v. GAF Corp.*, 949 F.Supp. 102, 105 (N.D.N.Y. 1996).

### *III. CONCLUSION*

For the foregoing reasons, the Court **GRANTS** Plaintiffs' motion for entry of default judgment against Defendant Bell Plumbing & Heating Service, Inc.  [ECF 12].   The Court

**ORDERS** that Defendant Bell Plumbing pay Plaintiffs $2,988.48 for unpaid fringe benefit contributions; $4,438.26 in liquidated damages and interest owed for the affected months; and $1,273.95 for attorneys' fees and costs, and $680.78 in prejudgment interest against Defendant Bell Plumbing, for a total award of $9,381.47. The Court **DIRECTS** the Clerk to enter default judgment against Defendant Bell Plumbing.

Further, the Court **DIRECTS** the Clerk to enter a default against Defendant Timothy Bell pursuant to Federal Rule of Civil Procedure 55(a). The Court further **ORDERS** counsel for Plaintiffs to file an appropriate motion and affidavits, or arrange for the necessary evidentiary hearing, to facilitate the entry of default judgment against Defendant Timothy Bell, pursuant to Federal Rule of Civil Procedure 55(b), within twenty days of the entry of this Memorandum Opinion and Order if Plaintiffs desire entry of default judgment against Defendant Timothy Bell. If Plaintiffs do not wish to obtain entry of default judgment against Defendant Timothy Bell, then counsel should promptly file a motion to dismiss their claims against Mr. Bell.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: May 28, 2013

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE